[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This contested dissolution case involves a 27 year old marriage. The only child issue of the marriage has achieved majority. The parties agree that the marriage has broken down irretrievably. The court so finds. The court has jurisdiction over the parties and the marriage is dissolved.
In determining property awards and the question of alimony, the court considered the language of Sections 46b-81 and 82 of the General Statutes. With respect to the breakdown, the court finds the behavior of the defendant husband to be the major cause.
The plaintiff has submitted prayers for relief which the court finds to be fair and will adopt. It is therefore ordered:
1. The plaintiff wife is awarded exclusive possession of the family residence at 375 Skiff Street, North Haven. On July 1, 1993 the property shall be placed on the market at a price agreed to by the parties. If they cannot agree, the plaintiff shall hire an appraiser who is not a real estate broker to suggest a price. At the closing, after payment of mortgage, commission, any appraiser's fee, and closing costs, the proceeds shall be divided equally between the parties. In the interim, the plaintiff shall pay the mortgage, taxes and insurance and any single items of repair up to $200. All repairs in excess of that amount shall be split equally between the parties. Should CT Page 6671 the defendant object to any proposed repair, of which he shall receive written notice, he must so advise the plaintiff within ten days of that notice. Otherwise, the plaintiff may proceed with the work and charge the defendant his half. Lacking agreement, either party may apply to the court for advice.
2. The plaintiff is awarded the defendant's interest in and to the cottage at Lanphiers Cove, Branford.
3. The defendant shall pay to the plaintiff the sum of $250 per week as alimony until the closing on the Skiff Street property at which time it shall be reduced to $175 per week. Alimony shall terminate upon death of a party, remarriage of the plaintiff, or her cohabitation with a male as that term is or may be defined by statute. These payments are to be secured by a wage execution.
4. The defendant shall retain as his own the Sears Pension and Profit Sharing Plans, the Roadway Pension Plan, and his coin and stamp collections.
5. The plaintiff shall retain as her own the furniture and furnishings located at Skiff Street and at Lanphiers Cove.
6. The plaintiff shall retain the 1985 Oldsmobile and the defendant the 1990 Dodge, paying the loan balance thereon.
7. The stock in Roadway Express shall be sold and after payment of the Sears bill and Dr. Mattie, the proceeds shall be split between the parties.
ANTHONY V. DeMAYO, Judge